# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES COUNCIL 32 AND ITS AFFILIATED LOCAL 467 AFL-CIO,

          Plaintiff,

v.

SUNNY RIDGE NURSING AND REHABILITATION CENTER LLC, SUNNY RIDGE REHABILITATION CENTER LLC, MONARCH HEALTHCARE OPERATING III LLC, and PRESTIGE HEALTHCARE GROUP LLC,

          Defendants.

Case No. 19-CV-1811-JPS

**ORDER**

---

On December 11, 2019, the plaintiff, American Federation of State, County, and Municipal Employees Counsel 32 and its affiliated Local 467 AFL-CIO ("Local 467"), filed this action alleging that the above-captioned defendants violated the Labor Management Relations Act, 29 U.S.C. § 185. (Docket #1). The action arises from an arbitration decision requiring the reinstatement of an improperly terminated employee, as well as compensation for lost wages and benefits. One of the defendants, Monarch Healthcare Operating III LLC ("Monarch") filed a motion to dismiss, claiming that it was not a party to the arbitration, and therefore has no obligation to perform on the arbitration award. (Docket #5). For the reasons

explained below, Monarch's motion will be granted, but Local 467 will be given leave to amend the complaint.

1.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b) provides for dismissal of complaints which, among other things, fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak v. City of Chi.*, 810 F.3d 476, 480 (7th Cir. 2016) (citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (citations and quotations omitted). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citations and quotations omitted).

2.  **RELEVANT ALLEGATIONS**

All of the defendants, including Sunny Ridge Nursing and Rehabilitation, LLC ("Sunny Ridge"), Sunny Ridge Rehabilitation Center, LLC (also, "Sunny Ridge") *see* (Docket #1 ¶¶7–8), Prestige Healthcare Group, LLC ("Prestige"), and Monarch, are either current or former owners and operators of a "skilled care center" in Sheboygan, Wisconsin.

Confusingly, the parties also seem to refer to the "skilled care center" as "Sunny Ridge," without delineating the difference between the "skilled care center" and the two defendants of the same name. *See e.g.*, (Docket #1 ¶ 11 (referring to a collective bargaining agreement "covering all employees at Sunny Ridge.")). Monarch owned and operated the "skilled care center" from March 2017 until March 30, 2019.

On November 12, 2015, Plaintiff and an undefined organization called "LSS of Sheboygan, LLC" executed a collective bargaining agreement. (*Id.*) The collective bargaining agreement went into effect on November 12, 2015 and lasted through November 30, 2017, and covered "all employees at Sunny Ridge" except for certain managerial, professional, and temporary cadres of the facility. (*Id.* ¶ 11). The collective bargaining agreement set forth a grievance procedure for handing employment issues, the substance of which is immaterial for the purposes of this Order. When this original collective bargaining agreement expired, Local 467 and "Sunny Ridge Rehabilitation Center, LLC executed a successor collective bargaining agreement, effective December 1, 2017." (*Id.* ¶ 14). This successor collective bargaining agreement lasted through 2019.

In March 2017, while the original bargaining agreement was in effect, Monarch "assumed . . . the collective bargaining agreement between Local 467 and LSS of Sheboygan, LLC." (*Id.* ¶ 12). On May 25, 2017, Local 467 properly filed a grievance against Monarch pursuant to the original collective bargaining agreement, claiming that a covered employee was wrongly terminated. (Docket #1-2). On October 11, 2018, while the successive collective bargaining agreement was in effect, Local 467 and the "Company" appeared before a labor arbitrator. (Docket #1 ¶¶ 7–8, 15) (explaining that both of the "Sunny Ridge" defendants could be referred to

as the "Company"). The arbitrator found that the grievance was sustained and required reinstatement of the terminated employee's job, as well as compensation for lost wages and benefits.

3.  **ANALYSIS**

The crux of the motion to dismiss arises from Monarch's argument that "the arbitration award is not against Monarch." (Docket #6 at 1). According to Monarch, the arbitration award is entered against Sunny Ridge Rehabilitation Center, not itself. *See* (Docket #1-4 at 1) (caption page of arbitration decision as applying to a dispute between "Sunny Ridge Rehabilitation Center and The American Federation of State, County, and Municipal Emplyees [sic] Council 32"). Monarch also contends that the arbitration award cannot apply to it, because, by the plain language of the complaint, the successor agreement in effect in 2018, when the award was issued, was between "Sunny Ridge Rehabilitation Center, LLC" and Local 467. *See* (Docket #1 ¶ 14); (Docket #1-3 at 1, 3).

The Court finds that Plaintiff adequately alleged that Monarch was subject to the *original* collective bargaining agreement. (Docket #1 ¶ 12). Presumably, Monarch was also subject to the successor agreement executed between Plaintiff and "Sunny Ridge Rehabilitation LLC" during the period of time when Monarch "owned and operated" the facility, which is also called "Sunny Ridge." Indeed, the underlying grievance was filed against Monarch. (Docket #1-2). However, in the confusion of the three Sunny Ridges and five defendants, Local 467 failed to allege that Monarch was subject to the *successive* collective bargaining agreement. Plaintiff's opposing brief attempts to remedy this shortcoming, (Docket #19 at 5), but a "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F. 2d 1101, 1107 (7th Cir.

1984). Accordingly, Plaintiff will be granted leave to amend the complaint. Plaintiff's arguments regarding successor liability are well taken, but they do not remedy the pleading deficiencies.

4.  **CONCLUSION**

For the reasons explained above, Monarch's motion to dismiss will be granted. However, because the supporting documents clearly suggest Monarch's involvement in the facts underlying this lawsuit, the Court finds that Local 467 should be granted leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) in order to plead facts giving rise to Monarch's liability under the successor collective bargaining agreement. For the sake of clarity, Local 467 would also do well to distinguish between the various Sunny Ridges.

Accordingly,

**IT IS ORDERED** that Monarch's motion to dismiss (Docket #5) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Local 467 file an amended complaint on or before **September 11, 2020**.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2020.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge